RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

YASMINE CLARKE                                   05 CV 7129 (AKH)

                              Plaintiff,                    COMPLAINT

              -against-

METROPOLITAN LIFE INSURANCE COMPANY

                              Defendant.
-----------------------------------------------------------------X

              Plaintiff Yasmine Clarke, by her attorneys, Riemer & Associates LLC,

complaining of defendant alleges:

              1.      This is an action arising under the Employee Retirement Income

Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.,* to recover

benefits due under an employee benefit plan, to clarify the rights of plaintiff to future

benefits under such plan, and to recover attorney fees and costs.

              2.      This Court has subject matter jurisdiction pursuant to Section

502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.  Under Section 502(f)

of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount

in controversy or the citizenship of the parties.

              3.      Venue is properly in this district pursuant to Section 502(e)(2) of

ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in

this district and the defendant resides or may be found in this district.

4.       At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the (the "Plan").

5.       At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6.       At all relevant times, Metropolitan Life Insurance Company ("MetLife") is and has been the claims administrator of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C §1002(16)(A); and is and has been a fiduciary under the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7.       The benefits under the Plan are funded by Group Policy No. 33458 issued by MetLife.

8.       Plaintiff was employed as Consultant at Deloitte & Touche ("Deloitte").

9.       As an employee of Deloitte, plaintiff was provided with long term disability insurance coverage under the Plan.

10.      On September 11, 2001, plaintiff was rendered totally disabled within the meaning of the Plan independently as a result of both: (i) neck and back injuries; and (ii) depression.

11.      Benefits were paid under the Plan from December 13, 2001 through December 12, 2003, but then benefits were discontinued by MetLife.

12.      Plaintiff appealed MetLife's discontinuation.

13.      By letter dated July 6, 2005, MetLife denied plaintiff's final appeal.

14.     Plaintiff has complied with and exhausted all administrative appeals under the Plan.

## COUNT I

15.     Under the terms of the Plan, a disabled participant is entitled to a monthly benefit equal to 66.67% of pre-disability earnings plus $750.

16.     From September 11, 2001, plaintiff has been totally disabled within the meaning of the Plan.

17.     From September 11, 2001, plaintiff has not worked and has had no earnings.

18.     MetLife's determination that plaintiff is not totally disabled within the meaning of the Plan is contrary to the terms of the Plan, contrary to the medical evidence, unreasonable, and arbitrary and capricious.

19.     Upon information and belief, MetLife has a conflict of interest.

20.     Upon information and belief, MetLife's determination of plaintiff's claim for benefits was affected by its conflict of interest.

21.     Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

22.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 21 above.

23.     By reason of MetLife's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to

recover such benefits, for which plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, plaintiff demands judgment against MetLife:

A.     For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B.     Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C.     For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D.     For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
          August 8, 2005

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700


By:_____/s/_____
          Scott M. Riemer (SR5005)